## KILLIAN *v.* WILLINGHAM *et al.*

PER CURIAM. An instrument executed in the form of a deed for the purpose of securing a debt, which recites in the granting clause: · "has granted, bargained, sold, aliened, transferred, assigned, mortgaged, conveyed, warranted, and confirmed, and by these presents does grant, bargain, sell, alien, transfer, assign, mortgage, convey, warrant, and confirm unto the party of the second part, in trust as herein provided, and unto its successors in trust and assigns, all of the following described property, and all interest of the Association [grantor] therein" (here

following a description of realty), and which recites in the habendum clause: "To have and to hold all and singular the above-described property, with all the privileges and appurtenances thereto belonging, unto the said party of the second part, and its successors in trust and assigns, forever in fee simple, but in trust, nevertheless, for the use and purposes hereinafter set forth." (said purposes here following), and containing a clause that "The Association expressly covenants and agrees . . that it will forever warrant and defend the title to the above-described premises and properties unto the party of the second part, its successors in trust and assigns, against the lawful claims and demands of all persons whomsoever," and also containing a clause that when the debt secured has been fully paid, the trustee under such instrument, or its successors in trust, "shall reconvey to the Association, its successors or assigns, all of the property, rights and appurtenances then subject to the lien of this instrument, as said Association, or its successors or assigns, may demand or shall direct, or shall cancel these presents and discharge the same of record as is provided may be done, upon payment, discharge, and satisfaction of mortgage indebtedness, in and by the statutes or laws of the State of Georgia; it or they paying to the trustee, or its successor in trust, the reasonable compensation for so doing," is a deed passing title. Therefore the lien of the contractor and materialman in the present case was inferior to the rights of the bondholders or trustee for them under the deed; and it was not error to enjoin such contractor and materialman from proceeding to enforce a judgment he had obtained upon the foreclosure of his lien.

*Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified, and Russell, C. J., dissenting.*

No. 6411. JANUARY 23, 1929.

*H. G. Vandiviere* and *Morris, Hawkins & Wallace,* for plaintiff in error.

*Dillon, Calhoun & Dillon, Hewlett & Dennis, Jones, Evins, Moore & Powers,* and *Randolph, Parker & Fortson,* contra.

RUSSELL, C. J., dissenting. This court has before it the single

question as to whether the so-called deed of trust is in reality a deed, as contended by counsel for the defendants in error and as held by the trial judge, or whether it is a mere security for debt, at least so far as bondholders are concerned. The trustee has exercised no powers under the deed. So far as appears from the record, it has done nothing except to consent to act as trustee, not having even been paid its fees and expenses for such services as have been rendered. There has been no request, as prescribed in the contract between the Kennesaw Mountain Battlefield Association, that the trustee should exercise any powers, nor have the bondholders acted under the circumstances in the manner stipulated in the contract or deed of trust. It is not a matter of any value to the bondholders that the association did not, as stipulated in the contract, keep open an office in Atlanta, whereby the Atlanta Trust Company might have knowledge that there is a default, as alleged in the petition, of over $36,000 in interest on the bonds of which they and others are holders. Breaches in the contract by either the maker of the instrument or the trustee are of no importance in deciding the only real issue presented in this case, nor is the pleading and evidence in support of it, as to the probable sale of the property to the Federal Government, any reason why equity should interfere to defeat a solemn judgment of a court of competent jurisdiction or delay its progress in the collection of a just debt and established lien. The cardinal and guiding rule in the construction of any instrument is to ascertain the true intention of the parties at the time of the making of the instrument, as derived from what is contained in all four corners of the writing. From a careful consideration I have reached the conclusion that the instrument which was recorded April 4, 1924, passing from the association to the Atlanta Trust Company as trustee for all of the bondholders, such as the defendants in error in this case, the property described therein, is a mere mortgage. In this State a mortgage is mere security for debt. The fact that there may be incorporated in the writing a habendum et tenendum clause and a warranty of title is not enough to transform the writing the sole purpose of which, as evidenced by its terms and contents, is to secure a debt, into a deed conveying absolute title. A conveyance of title in a deed to secure a debt must be unqualified by limitations which defeat the absolute conveyance of title, as does the in-

strument now under review. Most mortgages contain the habendum and tenendum clause, but title does not pass where it is plain that nothing more is intended than that a lien should be fixed to secure a specified debt. The instrument in the present case sets forth, immediately preceding the description of the tracts of land involved, that "whereas the form of deed of trust or mortgage in the form of this instrument was, at said meeting of said board of directors of the association, submitted to and approved by said board, and whereas all acts and things prescribed by law and by the by-laws of said association and necessary to make said bonds when issued and when certified by said trustee a valid, binding, legal, negotiable obligation of the association and this instrument a valid mortgage or deed of trust to secure payment thereof" have been performed, etc., "Now, therefore, in consideration of the premises and, . . in further consideration of the sum of $5, . . the party of the first part has granted, bargained, sold, aliened, transferred, assigned, *mortgaged,* conveyed, warranted, and confirmed, and by these presents does . . mortgage . . unto the party of the second part in trust as herein provided, and unto its successors in trust and assigns, all of the following described property." The bonds held by the defendants in error in this case afford some evidence of the intention of the parties at the time of the creation of the trust. They read "Kennesaw Mountain Battlefield Association First Mortgage 8% Gold Bond. Total authorized issue, $150,000." They recite that the bonds and coupons as they become due are to be paid at the office of the Atlanta Trust Company, Atlanta, Georgia, that the issue authorized to be issued is not to exceed 300 of the denomination of $500 each, and "all are and each of them is ratably *secured,* without preference of one bond over another, by mortgage or deed of trust conveying to Atlanta Trust Company, as trustee, certain property in said mortgage or deed of trust more particularly mentioned or described, . . now held or owned *and that may at any time hereafter be acquired* by the undersigned, reference to said mortgage or deed of trust being hereby made to the same effect as if herein set forth, for a description and statement of the property and franchises mortgaged, the nature and extent of the security, the rights of the holders of said bonds under the same and of the terms and conditions under which said bonds are issued." The bond further provides that it may

, be registered in the office of the Atlanta Trust Company, and that it shall not become valid and obligatory until it is authenticated by the signature of the Atlanta Trust Company at its office. Each coupon attached to the bond is a promise of the Kennesaw Mountain Battlefield Association to pay the bearer $20 in gold coin of the United States at the office of the Atlanta Trust Company, being six months interest then due on its *first-mortgage gold bond* number——. The certificate of the Atlanta Trust Company required to be endorsed upon the bond before its validation is: "This is to certify that the within bond is one of the bonds described in the within-mentioned mortgage or deed of trust. Atlanta Trust Company, trustee, by————." If there were an unqualified conveyance of title (as I shall presently show is not the case), it must at least be doubtful whether the maker and acceptor thought the instrument was a mortgage or deed of trust; but suppose we concede that in the use of the two terms, mortgage or deed of trust, a doubt arises as to whether the parties intended to execute and accept a deed. Usually the first word used in denominating anything gives the strongest view of him who utters it; subsequent succeeding definitive words used are selected for the purpose of emphasis only, and because the speaker or writer is of the opinion that they are synonymous with the first descriptive term applied to the matter of which he speaks. It will be noted that the word "mortgage" is first used in the bond itself as well as the coupon, followed, not by the word "deed" or by the words "security deed," but by the words "deed of trust." Considering the instrument as a whole, I have reached the conclusion that it bespeaks only an intention to secure the payment of the mortgage bonds by creating first lien, not only on the property conveyed to the Atlanta Trust Company in trust for the security of the mortgage indebtedness evidenced by the bond issue, but also on all property to be acquired by the mortgagor. The trust company takes nothing except in trust. It agrees to approve all sales of real estate made by the memorial association; and instead of making title itself to the purchaser, the association is allowed to make the deed. If the Atlanta Trust Company had got title under this instrument, it must be presumed that it, as well as the association, knew that approval of a deed made by the debtor, the memorial association, to the realty in question would not become a valid muniment of title by a mere entry of approval

718

by the Atlanta Trust Company. Furthermore, while it is now contended that the deed is absolute in conveyance of the title to all of the realty, the writing allows the association to open streets, alleys, and lanes at pleasure, without obtaining any reconveyance of the property conveyed by the so-called deed of trust.

I am of the opinion that the instrument in question is a mortgage rather than a deed. It follows that the lien of Killian as a contractor and materialman is superior to the rights of the bondholders or the trustee for them under the mortgage; and that it was error for the trial court to enjoin Killian from proceeding to enforce the judgment which he had obtained in his lien foreclosure.